DOWNING, J.
|gThe Louisiana Department of Revenue, Office of Alcohol and Tobacco Control (ATC), appeals a decision of the Louisiana Civil Service Commission in which the Commission reversed the discipline the ATC imposed on the appellee, Ronald Kin-chen. The opinion of the Commission’s referee, which the Commission adopted, adequately explains the facts of the case and the rationale for the decision. We find no clear wrongness as to the factual findings, and we conclude the Commission did not abuse its discretion in rendering its decision. Accordingly, we affirm the decision of the Louisiana Civil Service Commission.
In its brief, the ATC argues that the Commission misinterpreted Procedural Order No. 406. This order provides as follows, in pertinent part:
PROCEDURAL ORDER NUMBER 406 — PROCEDURES FOR ISSUANCE OF MISDEMEANOR SUMMONS AND ADMINISTRATIVE SUMMONS
1. ADMINISTRATIVE/CRIMINAL MISDEMEANOR SUMMONS
a) General
(1) The Administrative Summons is the document most used by the Agent to record administrative violations observed and subsequent actions taken. The summons is used to record violator information, cite the violator and is the data entry document for computer entry of certain data pertaining to the offense and the violator. The citation is the permanent public record of the offense. The violation book is serially numbered and issued to the Agent in bound books. The issuance of the citation book to the Agent is recorded and becomes part of the Agents [sic] inventoried property.
b) Citation Book
(1) Each serially numbered citation is comprised of three pages: White *581 (original to prosecutor), Hard copy (Agent’s copy), Original (Incident report to Asst. C.E.O.), and a hard copy (defendant’s copy). A maximum of three violations can be entered on one citation. This citation is NCR type, printed and every effort will be made to ensure that all entries are clear, concise and legible. Every reasonable effort is used to obtain all of the information requested on the citation. All entries are to be legibly printed in black ink. The revised |astatute number should be entered for each violation when known.
c) Misdemeanor Summons
(1) Distribution of all copies will be same as stipulated above except the original must be filed with the appropriate District Attorney’s Office with a copy of Incident Report.
d) Voided Citations
(1) In order to properly account for each serially numbered citation issued to an Agent, voided citations are submitted with the bi weekly [sic] activity report clearly marked “void” across the face of the original and all copies. The reason for voiding the citation must be indicated on the citation void slip that will be submitted to the Region Supervisor for his signature prior to submission with the bi weekly [sic] activity report. The inside cover of the citation book will be used to log all violations and will be retained by each Agent for six (6) months.
The ATC seems to argue that “summonses” apply to criminal matters and that “citations” apply to administrative and other civil matters. It argues, therefore, that Procedural Order No. 406(d), entitled “Voided Citations,” is inapplicable to the misdemeanor summonses that Kinchen issued then voided. This argument is without merit.
The ATC points to La. C. Cr. P. art. 208, defining “summons” as follows:
A summons is an order in writing, issued and signed by a magistrate or a peace officer in the name of the state, stating the offense charged and the name of the alleged offender, and commanding him to appear before the court designated in the summons at the time and place stated in the summons.
It then attempts inappropriately to contrast a summons with a citation by reference to Louisiana Code of Criminal Procedure art. 210, which provides as follows: “The service of a summons is made in the same manner as a citation in a civil action.” A citation in a civil action, however, is entirely distinct from the citation addressed in Procedural Order No. 406. A citation in a civil action must be signed and issued by the clerk of court; it must be accompanied by a certified copy of the |4petition; and it must contain specific information. See Louisiana Code of Civil Procedure art. 1202.[1]
*582 Procedural Rule 406, in contrast, uses the terms “summons” and “citation” interchangeably. The Rule is entitled, “Procedures for Issuance of Misdemeanor Summons and Administrative Summons.” The first section addresses administrative and misdemeanor summonses. The section repeatedly uses the term “citation” when referring to the document to be issued.
Further, while testifying at the hearing, the ATC Commissioner referred to the misdemeanor summonses as “criminal citation[s]” and “eitation[s]”. He failed to explain when asked where Procedural Rule 406 distinguished between voiding procedures for civil and misdemeanor summonses. He insisted, however, that voiding a criminal summons violated the Code of Criminal Procedure; he gave no citation for this proposition, however. No particular article of the Code of Criminal Procedure is argued on appeal, and we can find no such provision. Additionally, in disciplinary correspondence, the ATC Commissioner criticizes Kinchen for failing to properly document and report the fact that he voided the summonses or citations. He does not criticize Kinchen for actually voiding them.
Black’s Law Dictionary (8th ed.2004), p. 260, provides a pertinent and consistent definition for “citation”: “[a] police-issued order to appear before a judge on a given date to defend against a stated charge, such as a traffic violation.” |.-,We observe that the ATC is entitled to establish reasonable rules and policies as it deems fit. No rule or policy, however, distinguishing between voiding of summonses/citations in criminal and in administrative matters can be gleaned from Procedural Rule 406, and no other cited source supports the proposition.
The ATC’s assignments of error are without merit.
DECREE
For the foregoing reasons, we affirm the decision of the Louisiana Civil Service Commission. Costs of this appeal are assessed to the Louisiana Department of Revenue, Office of Alcohol and Tobacco Control in the amount of $2,520.50. We issue this memorandum opinion in compliance with URCA Rule 2-16.1.B.
AFFIRMED.
McCLENDON, J. concurs and assigns reasons.

. This article provides as follow:
The citation must he signed by the clerk of the court issuing it with an expression of his official capacity and under the seal of his office: must be accompanied by a certified copy of the petition, exclusive of exhibits, even if made a part thereof, and must contain the following:
(1) The date of issuance;
(2) The title of the cause;
(3) The name of the person to whom it is addressed;
(4) The title and location of the court issuing it and
(5) A statement that the person cited must either comply with the demand contained *582 in the petition or make an appearance, either by filing a pleading or otherwise, in the court issuing the citation within the delay provided in Article 1001 under penalty of default.